**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM HERMES MORGAN, also
known as Billy,

      Defendant-Appellant.

No. 07-8012
(D.Ct. No. 06-CR-67-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant William Hermes Morgan pled guilty to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. The district court sentenced Mr. Morgan to one hundred and thirty-five months imprisonment. Although Mr. Morgan appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On March 22, 2006, an indictment issued against Mr. Morgan and several other individuals in connection with a methamphetamine distribution operation conducted in Rock Springs, Wyoming, during the period from November 2005 to February 2006. The indictment was based on an investigation conducted by the Wyoming Division of Criminal Investigation in which two of the co-conspirators, Robert Delgado and Rocio Arzate-Benitez, were identified as the source of large amounts of methamphetamine being brought into Rock Springs and provided to other co-conspirators, including Mr. Morgan, for distribution. Information from the investigation and one of the agents involved established Mr. Morgan sold methamphetamine together with a co-conspirator, Victoria Davis, and that a conservative estimate of methamphetamine attributable to Mr. Morgan totaled

2.46 kilograms.

Mr. Morgan was indicted for one count of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. After he pled not guilty at his arraignment hearing on May 3, 2006, a multi-defendant trial was set for July 10, 2006. On June 30, 2006, Mr. Morgan, through his counsel, posed no objection to the joint motion to continue the trial filed by his co-defendants, after which the district court continued the trial until August 1, 2006. Following the addition of one more co-defendant just one day prior to trial, the district court ordered a continuance of the trial until September 18, 2006. During the period from May 2006 to trial, Mr. Morgan's co-defendants filed various pre-trial pleadings, including a motion for separate trials, a motion in limine, and a motion for a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), for the purpose of obtaining information on conspiratorial statements; Mr. Morgan joined in the motion for a *James* hearing and his counsel participated in the *James* hearing held June 27, 2006. Mr. Morgan filed two *pro se* pleadings asserting a conflict with his counsel and stating he opposed the continuances to which his counsel agreed; his counsel then filed a motion to withdraw, which the district court granted, appointing new counsel to represent Mr. Morgan.

On August 28, 2006, Mr. Morgan, through new counsel, filed a motion to dismiss based on a violation of his right to a speedy trial. The government responded, explaining the seventy-day period for a speedy trial had not expired due to delays excluded under the Speedy Trial Act (Act), which included Mr. Morgan's own pretrial motions, his co-defendants' pretrial motions, his counsel's participation in pretrial hearings involving him, and the later arraignment of a joined co-conspirator as a defendant which caused another trial continuance. On September 1, 2006, after a hearing on Mr. Morgan's motion to dismiss for lack of a speedy trial, the district court denied the motion based on the same exclusions to the Act outlined by the government.

Fourteen days later, on September 15, 2006, Mr. Morgan and the government filed a negotiated plea agreement, in which Mr. Morgan agreed to plead guilty to the charge in the indictment in exchange for the government's agreement that his relevant conduct would be no more than five kilograms of methamphetamine. The agreement did not contain a provision for a conditional plea under Federal Rule of Criminal Procedure 11(a)(2) to reserve the right to have an appellate court review an adverse determination of any of his pretrial motions, nor was such a plea indicated anywhere in the record. During the Rule 11 colloquy at Mr. Morgan's plea hearing, the district court thoroughly and comprehensively questioned Mr. Morgan about his guilty plea and informed him

of his rights and privileges under the Constitution and the laws of the United States. *See* Fed. R. Crim. P. 11. Mr. Morgan explicitly confirmed he: 1) understood the conspiracy charges against him; 2) was satisfied with his counsel; 3) entered into his guilty plea voluntarily and of his own free will; and 4) had read the plea agreement and discussed it with counsel. As to the facts supporting his plea, Mr. Morgan initially told the district court his relevant conduct included less than 500 grams of methamphetamine, but after questioning by the court, he acknowledged he understood his relevant conduct included the actions of his co-conspirators and that he was pleading guilty to the conspiracy for selling over 500 grams, but not more than five kilograms, of methamphetamine and was "satisfied" with his relevant conduct quantity within those parameters.

Following Mr. Morgan's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Based on the facts obtained from the investigation report and one of the agents involved, the probation officer determined Mr. Morgan distributed 2.46 kilograms of methamphetamine and then calculated the base offense level at 34 under U.S.S.G. § 2D1.1 based on a drug quantity level of between 1.5 kilograms and five kilograms of methamphetamine. *See* U.S.S.G. § 2D1.1(c)(3) (Drug Quantity Table). After decreasing the offense level by three levels for acceptance of responsibility, the probation officer

calculated a total offense level of 31, which, together with a criminal history category of IV, resulted in a recommended Guidelines imprisonment range of 151 to 188 months imprisonment.

Mr. Morgan filed several objections to the presentence report, including objections to: 1) the drug quantity amount used to calculate his relevant conduct, claiming it should include only 336 grams, or just under twelve ounces, of methamphetamine; 2) his criminal history category, claiming it improperly included two points for being on unsupervised probation for driving under suspension and one point for reckless endangering, which occurred after the conspiracy; and 3) the lack of a reduction in his offense level for a role as a minor participant based on information obtained from the *James* hearing, which he claimed established he was a buyer and user below the level of Ms. Davis. At the sentencing hearing, Mr. Morgan reiterated the same objections, claiming he was a minor participant, his criminal history was over-represented, and that his relevant conduct drug quantity should not be more than 500 grams of methamphetamine.

After considering Mr. Morgan's arguments and the government's response thereto, the district court found Mr. Morgan engaged in a conspiracy of drug trafficking for which he accepted responsibility for all the acts of the other drug conspirators and was a major participant. It then denied Mr. Morgan's claims

regarding the relevant conduct drug quantity and his role as a minor participant. However, it determined his objection concerning the over-representation of his criminal history had merit and set his criminal history category at III, rather than IV, for a Guidelines range of 135 to 168 months imprisonment. The district court then questioned Mr. Morgan on whether he desired to withdraw his plea, which he declined; Mr. Morgan also indicated he had no other objections to the presentence report. The district court then imposed a sentence at the low end of the Guidelines range of 135 months imprisonment, which it stated it believed was reasonable, considering the sentencing factors in 18 U.S.C. § 3553.

After Mr. Morgan filed a timely notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining that, after a conscientious examination of the record and discussion with trial counsel and Mr. Morgan, the appeal is wholly frivolous and no challenge can be made as to the validity of the conviction or sentence and seeking permission to withdraw as counsel. *See Anders*, 386 U.S. at 744. Pursuant to *Anders,* this court gave Mr. Morgan an opportunity to respond to his counsel's *Anders* brief, and although Mr. Morgan filed for and was granted an extension of time to file a response by November 14, 2007, he has not filed a response. *See id.*

## II. Discussion

In the *Anders* brief, counsel raises the issues Mr. Morgan deems worthy of appeal, which include whether: 1) his speedy trial rights were violated; 2) a jury should have determined the drug quantity amount; 3) the drug amount attributed to him lacks sufficient proof; and 4) the district court erred in determining he was not a minor participant in the conspiracy. As required by *Anders*, we have conducted a full examination of the record before us. *See id.*

## A. Speedy Trial

With respect to his motion to dismiss based on an alleged violation of his speedy trial rights, Mr. Morgan made no conditional plea at the time he entered into his plea agreement for the purpose of appealing the district court's decision on that matter. Even if we considered his argument and reviewed the district court's denial of his motion for an abuse of discretion, its findings of fact for clear error, and its legal conclusions de novo, *see United States v. Apperson*, 441 F.3d 1162, 1177 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1003, *and cert. denied*, 127 S. Ct. 1024 (2007), his argument would fail. Clearly, the Speedy Trial Act requires a criminal defendant's trial to commence within seventy days after his indictment or initial appearance, whichever is later. *Id.* at 1178. However, in this case, various motions were made and hearings held which count as periods of delay excluded under the Act and do not count toward the requisite seventy days. *See id. and* 18 U.S.C. § 3161(h)(1)-(9). Accordingly, the district court did not

abuse its discretion in denying Mr. Morgan's motion.

## B. Reasonableness of Sentence

As to Mr. Morgan's other issues which relate to the reasonableness of his sentence, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). "We will set aside [a] sentence only if it is procedurally or substantively unreasonable." *United States v. Hernandez*, 509 F.3d 1290, 1297 (10th Cir. 2007) (quotation marks and citation omitted). A procedurally reasonable sentence reflects the sentencing court's calculation of the advisory Guidelines range and its application of the 18 U.S.C. § 3553(a) factors. *See id.* A substantively reasonable sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case. *See id.* at 1297-98. A presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, unless sufficiently rebutted by Mr. Morgan. *See Kristl*, 437 F.3d at 1053-55. We review the district court's findings of fact for clear error and its legal conclusions de novo. *See Hernandez*, 509 F.3d at 1298. This includes a district court's drug quantity calculation which we review for clear error. *See United States v. Ryan*, 236 F.3d 1268, 1273 (10th Cir. 2001). Having made such a review, we find no nonfrivolous basis for challenging the conviction or sentence imposed.

With respect to the drug quantity, Mr. Morgan challenges the procedural reasonableness of his sentence by suggesting insufficient evidence supported the drug quantity amount for determining his relevant conduct and that such a determination must be made by a jury. However, because the Guidelines are advisory, we have determined a district court's assessment of the drug quantity amount attributable to a defendant is permissible fact finding under a preponderance of the evidence standard. *See Hernandez*, 509 F.3d at 1298; *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007). Moreover, in a drug conspiracy case, the defendant is accountable for all quantities with which he was directly involved and all quantities which would have been reasonably foreseeable within the scope of the jointly undertaken criminal enterprise. *See United States v. Lauder,* 409 F.3d 1254, 1267 (10th Cir. 2005) (citing U.S.S.G. § 1B1.3, cmt. n.2). Reversal is appropriate only if the record lacks support or we are left with a definite and firm conviction a mistake has been made. *See Ryan*, 236 F.3d at 1273.

As counsel acknowledges, the record demonstrates Mr. Morgan voluntarily, knowingly, and intelligently pled guilty to the conspiracy methamphetamine drug possession and distribution charge and he was fully advised of his constitutional rights as well as the ramifications of pleading guilty. During this time, Mr. Morgan acknowledged his understanding his relevant conduct included the actions

of his co-conspirators, he was pleading guilty to conspiracy to sell over 500 grams but less than five kilograms of methamphetamine, and that he was "satisfied" with his relevant conduct quantity within those parameters. The record further supports the district court's determination that Mr. Morgan was involved in the sale of at least 2.46 kilograms of methamphetamine, which warrants a base offense level of 34, and the resulting advisory Guidelines range of 135 to 168 months imprisonment. Clearly, had Mr. Morgan been further credited with the reasonably foreseeable actions of some of the other co-conspirators, his relevant drug quantity amount likely would have been even higher. While Mr. Morgan continued to object at the sentencing hearing to the drug quantity attributed to him by the probation officer and district court, he did not withdraw his guilty plea at the sentencing hearing after the district court rejected his argument for a much lower drug quantity and asked if he desired to withdraw his plea. Moreover, Mr. Morgan has not provided any evidence, other than his own self-serving assertions, that the relevant conduct drug quantity should be less. For all of these reasons, it is clear the district court did not err in its drug quantity determination.

Next, we review for clear error a district court's refusal to award a defendant a minor role reduction under U.S.S.G. § 3B1.2, keeping in mind that the defendant bears the burden of proving, by a preponderance of the evidence,

that he is entitled to such a reduction. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1130-31 (10th Cir. 2003). The district court's determination on applying a minor role adjustment is "heavily dependant upon the facts of the particular case," and "in weighing the totality of the circumstances, [it] is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." U.S.S.G. § 3B1.2, cmt. n.3(C). Applying these principles, a review of the record does not support Mr. Morgan's assertion he was a minor participant in the conspiracy in which he and several other conspirators were provided large quantities of methamphetamine for distribution. While Mr. Morgan summarily asserts he was less culpable than Ms. Davis, who received and sold more methamphetamine than he did, the fact he sold less methamphetamine than one of his co-conspirators is not sufficient to establish a minor role in the conspiracy, especially when he, like the other conspirators, still sold a considerable amount of methamphetamine as part of the distribution operation.

Finally, in sentencing Mr. Morgan, it is clear the district court considered the sentencing factors in § 3553(a), together with the advisory Guidelines, and in so doing, determined Mr. Morgan's objection regarding the over-representation of his criminal history had merit for the purpose of calculating the advisory Guidelines range at the requested lower criminal history category. Because the district court considered the applicable Guidelines and sentencing factors in

sentencing Mr. Morgan at the low end of the presumptively reasonable advisory Guidelines range, we have no reason to conclude his sentence is unreasonable, especially in light of the fact that Mr. Morgan has not offered any nonfrivolous reasons warranting a lower sentence.

## III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Morgan's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge